# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-234V
Filed: February 13, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KELLY SCHULTZ and | \* |
| KELLY SCHULTZ and PETER SCHULTZ, | \* |
| Parents of L.S., a Minor, | \* |
| | \* |
| Petitioners, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Damages decision based on stipulation;
influenza (flu) vaccine; Guillain-Barré
Syndrome (GBS); alleged receipt of vaccine
*in vitro*; developmental delay; verbal apraxia

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Ronald C. Homer</u>, Boston, MA, for petitioners.
<u>Justine Walters</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On February 13, 2015, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioners have 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Petitioner, Kelly Schultz, filed a petition for vaccine compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006) ("Vaccine Act"), on April 11, 2012.   She alleges that she suffers from Guillain-Barré Syndrome ("GBS") as a result of her receipt of influenza ("flu") vaccine on September 15, 2009.   On September 11, 2012, petitioners, Kelly and Peter Schultz, filed a second petition for vaccine compensation on behalf of their child, L.S., docketed as number 12-590V.   Petitioners allege that L.S. suffers from developmental delay and/or verbal apraxia as a result of the flu vaccine administered to Kelly Schultz while L.S. was *in utero*.   These petitions were joined on August 30, 2013.

Respondent denies that the flu vaccine caused Kelly Schultz's GBS, any other injury, or her current condition.   Respondent denies that L.S. received the flu vaccination administered on September 15, 2009, and further denies that the flu immunization caused L.S.'s developmental delay, verbal apraxia, any other injury, or his current condition.   Respondent denies that petitioners' claim on behalf of L.S. is legally tenable under the Vaccine Act.

Nonetheless, the parties agreed to resolve this matter informally.   The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.

Pursuant to the stipulation, the court awards a lump sum of **$350,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for Kelly Schultz's alleged injury.   The award shall be in the form of a check for **$350,000.00** made payable to Kelly Schultz, in her individual capacity.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>February 13, 2015</u>                                             s/ Laura D. Millman
                                                                                        Laura D. Millman
                                                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| KELLY SCHULTZ and KELLY SCHULTZ and PETER SCHULTZ, Parents of L.S., a Minor, | ) ) ) ) | |
| Petitioners, | ) ) ) | No. 12-234V |
| v. | ) ) | Special Master Millman |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | ECF |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Kelly Schultz, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries to Kelly Schultz allegedly related to her receipt of the influenza vaccine (hereinafter referenced as "Claim on Behalf of Kelly Schultz"). This petition was assigned Docket No. 12-234V. The influenza vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioners, Kelly and Peter Schultz, filed a second petition for vaccine compensation on behalf of their child, L.S., under the Vaccine Program. The second petition seeks compensation for injuries to L.S. allegedly related to the above-referenced influenza vaccine (hereinafter referenced as "Claim on Behalf of L.S."). The second petition was assigned Docket No. 12-590V.

3.  On August 30, 2013, the Special Master joined Claim on Behalf of Kelly Schultz and Claim on Behalf of L.S. under Docket No. 12-234V.

4.  On August 30, 2013, Docket No. 12-590V was dismissed.

5.  Kelly Schultz received an influenza immunization on September 15, 2009, while L.S. was *in utero*.

6.  The vaccine was administered within the United States.

### Claim on Behalf of Kelly Schultz

7.  Kelly Schultz alleges that she suffers from Guillain-Barré syndrome ("GBS") as a result of the influenza vaccine.

8.  Kelly Schultz represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

9.  Respondent denies that the influenza immunization caused Kelly Schultz's GBS or any other injury or her current condition.

### Claim on Behalf of L.S.

10.  Petitioners allege that L.S. suffers from developmental delay and/or verbal apraxia as a result of the influenza vaccine administered to Kelly while L.S. was *in utero*.

11.  Petitioners represent that there has been no prior award or settlement of a civil action for damages on L.S.'s behalf as a result of his condition.

12.  Respondent denies that L.S. received the influenza vaccination administered on September 15, 2009.

13.  Respondent denies that the influenza immunization caused L.S.'s developmental delay, verbal apraxia, or any other injury or his current condition.

- 2 -

14. Respondent denies that petitioners' Claim on Behalf of L.S. is legally tenable under the Vaccine Act, independently, or within the same action as Claim on Behalf of Kelly Schultz.

**Claim on Behalf of Kelly Schultz and Claim on Behalf of L.S.**

15. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 16 of this Stipulation.

16. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $350,000.00 in the form of a check payable to petitioner, Kelly Schultz, in her individual capacity. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for Kelly Schultz's alleged injury.

17. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this action.

18. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

- 3 -

19. Payment made pursuant to paragraph 16 and any amounts awarded pursuant to paragraph 17 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

20. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Kelly Schultz as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

21. In return for the payments described in paragraphs 16 and 17, petitioner, Kelly Schultz, in her individual capacity, and petitioners, Kelly and Peter Schultz, in their individual capacity and as legal representatives of L.S., on behalf of themselves, L.S. and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Kelly Schultz and/or L.S. resulting from, or alleged to have resulted from, the influenza vaccination administered on September 15, 2009, as alleged by petitioners in petitions for vaccine compensation filed on or about April 11, 2012, and September 11, 2012, in the United States Court of Federal Claims as petition Nos. 12-234V and 12-590V, and joined under Docket No. 12-234V on August 30, 2013.

- 4 -

22. If Kelly Schultz should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

23. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

24. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 17 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

25. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Kelly Schultz's GBS or any other injury or her current condition; that the influenza vaccine caused L.S.'s developmental delay, verbal apraxia, or any other injury or his current condition; or that Claim on Behalf of L.S. is legally tenable under the Vaccine Act, independently, or within the same action as Claim on Behalf of Kelly Schultz.

26. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

- 5 -

Respectfully submitted,

**PETITIONERS:**

_Kelly Schultz_
KELLY SCHULTZ

_Peter Schultz_
PETER SCHULTZ

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONERS:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |

_Christina Campolello_
_Ronald C. Homer by Rule 83.1(c)(2)_
RONALD C. HOMER, ESQ.
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut Street
Boston, Massachusetts 02116
(617) 695-1990

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_A. Melissa Houston (For)_
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
 Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: _February 12, 2015_

_Justine Walters_
JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

- 6 -