# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-234V
Filed: November 2, 2015
Not for Publication

```
***********************************
KELLY SCHULTZ and                  *
KELLY SCHULTZ and PETER SCHULTZ,*
Parents of L.S., a Minor,          *
                                   *
            Petitioners,           *
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
***********************************
```

Attorneys' fees and costs decision; reasonable hourly rate

Ronald C. Homer, Boston, MA, for petitioner.
Justine E. Walters, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On April 11, 2012, petitioner Kelly Schultz filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10¬34 (2012) ("Vaccine Act"), alleging that she suffered Guillain-Barré syndrome ("GBS") as a result of her receipt of the influenza ("flu") vaccine on September 15, 2009. On August 30, 2013, the case was consolidated with a case alleging that L.S., the son of petitioners' Kelly and Peter Schultz, suffered developmental injuries from the flu vaccine that was administered to his mother Kelly Schultz while he was in utero.

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 12, 2015, respondent filed a stipulation stating the parties agree that, while respondent denies that the flu shot led to petitioners' injuries, they would settle the case. The undersigned issued a damages decision in this case pursuant to the parties' stipulation, awarding petitioners $350,000 in compensation on February 13, 2015.

On July 27, 2015, petitioners filed an application for attorneys' fees and costs, requesting $38,223.90 in attorneys' fees, $4,917.17 in attorneys' costs, and $250.00 in petitioner's costs. In response, respondent filed a motion asking the undersigned to suspend proceedings in the case pending resolution of Tomlinson v. Secretary of Health and Human Services, No. 13-736V, another case before the undersigned involving the same parties' counsel in which petitioner submitted an application for attorneys' fees and costs. See Resp't's Mot. Respondent explained that the primary objections she has to petitioners' application for fees and costs are "identical to the issues addressed in the Tomlinson case," namely, the hourly rates sought by Conway, Homer, & Chin-Caplan ("CHCC"), petitioners' counsel's law firm. Id. at 2. Respondent submitted that, as the parties' positions on the issue of hourly rates are already fully briefed in Tomlinson, it would serve the interest of judicial economy to suspend the proceedings until the undersigned decides the appropriate hourly fees in that case. Id. Petitioners filed an objection to respondent's motion to suspend proceedings on August 17, 2015, which respondent replied to on August 26, 2015.

The undersigned notes that 42 U.S.C. § 300aa-12(d)(3)(c) allows her to suspend proceedings for 30 days on the motion of either party. However, suspension is not necessary in this case, as the undersigned has recently issued her decision in Tomlinson, which followed the hourly rates for CHCC attorneys decided upon by another special master in McCulloch v. Secretary of Health and Human Services. McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Therefore, respondent's motion to stay the case until resolution of petitioners' application for fees and costs in Tomlinson is **DENIED**.

On October 16, 2015, petitioners filed an amended motion for attorneys' fees and costs, adjusting the amount asked for in consideration of the McCulloch decision. Petitioners now ask for $43,516.07 in attorneys' fees and costs. On November 2, 2015, respondent filed a response to petitioners' amended motion. In her response, respondent raised an objection to the hourly rates requested by petitioners' counsel in this case but declined in light of the decisions in McCulloch and Tomlinson to further litigate that issue and instead "respectfully defers to the Special Master's statutory discretion in determining a reasonable fee award for this case." Id. at 2. Respondent further indicated that "nothing contained in this response should be construed as an admission, concession, or waiver by respondent as to any of the matters raised by the instant Fee Application, including but not limited to, the hourly rates requested, the number of hours requested, and other litigation related costs." Id.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the

special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

For the same reasons given in Tomlinson, the undersigned reduces the amount of fees awarded to petitioners' counsel for the review work done by attorney Ronald Homer. Tomlinson, No. 13-736V, at 6-7. Mr. Homer billed $2,224.80 for his work on this case. The undersigned has reviewed the billings submitted by petitioner's counsel, and finds that roughly 80% of the work done by Mr. Homer on this case was review work. Therefore, she will reduce 80% of Mr. Homer's time, or $1,779.84, by 25%, the percentage difference between Mr. Homer's hourly rate and the hourly rate of Christine Ciampolillo, the attorney most closely involved in the case. **Therefore, the undersigned reduces petitioners' fees by $444.96.**

The undersigned finds an award of attorneys' fees and costs appropriate. In sum, the undersigned awards petitioners the following amount for attorneys' fees and costs:

| | |
|---|---|
| Requested Attorneys' Fees: | $38,348.90 |
| Reductions: | $444.96 |
| Attorneys' Fees Awarded: | **$37,903.94** |
| | |
| Requested Attorneys' Costs: | $4,917.17 |
| Reductions: | $0.00 |
| Attorneys' Costs Awarded: | **$4,917.17** |
| | |
| Requested Petitioners' Costs: | $250.00 |
| Reductions: | $0.00 |
| Petitioners' Costs Awarded: | **$250.00** |
| | |
| Attorneys' Fees & Costs Awarded: | **$42,821.11** |
| Petitioners' Costs Awarded: | **$250.00** |

**Accordingly, the court awards:**

a. **$42,821.11**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and Conway, Homer & Chin-Caplan in the amount of **$42,821.11**; and

b. **$250.00**, representing petitioners' costs. The award shall be in the form of a check made payable to petitioners for **$250.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 2, 2015

/s/ Laura D. Millman
Laura D. Millman
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.